**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KATHERINE BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17-cv-00101 |
| | ) | |
| v. | ) | Judge Matthew F. Kennelly |
| | ) | |
| CHERIE WRIGLEY, MELISSA COHENSON, | ) | |
| BRIAN A. RAPHAN, P.C. and PAMELA | ) | |
| KERR, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS MELISSA COHENSON'S AND BRIAN A. RAPHAN, P.C.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DOCUMENT PRODUCTION AND TESTIMONY

Defendants, Melissa Cohenson ("Cohenson") and Brian A. Raphan, P.C. ("Raphan"), (collectively "Raphan Defendants") by their attorneys, Litchfield Cavo LLP, oppose Plaintiff's Motion to Compel Document Production and Testimony, and state:

1.     Plaintiff filed a motion to compel against the Raphan Defendants which asserts three arguments: 1) Raphan Defendants' privilege log is insufficient to establish privilege; 2) Raphan Defendants improperly withheld documents (identified in their privilege log) based on the common interest exception because it is inapplicable; and 3) Plaintiff could not fully depose the Raphan Defendants on the withheld documents, which allegedly were improperly withheld.   For the reasons below, Plaintiff's motion should be denied.

2.      Raphan Defendants have advised movant that they will produce, or by the time of filing have been produced, all the documents previously withheld pursuant to the common interest exception to waiver of the attorney-client privilege or work-product doctrine.[1]

3.      Raphan Defendants have also produced a more detailed amended privilege log providing the details for the basis of the attorney client and/or the work product privileges.  The only documents now being withheld and set forth in Raphan Defendants' privilege log are based on the assertion of the attorney client and/or work product privileges.  Notably, at no time has Plaintiff argued that either of these two remaining privileges have been improperly asserted.   Put in another way, all the documents that Plaintiff asserts have been improperly withheld by Raphan Defendants will produce, or by the time of filing have been produced.

4.      Plaintiff also seeks to compel additional documents or testimony from Brian Raphan (as corporate representative of Raphan, P.C.) because he "failed" to hire an information technology professional to assist in the attempts to recover corrupted emails from the firm's computer system.  There is no need for any further testimony from Raphan because he was never asked by Plaintiff's counsel during his deposition to describe his qualifications regarding information technology.  Similarly, Plaintiff's counsel had the opportunity to ask, but chose not to ask Brian Raphan to detail the efforts he made to recover the corrupted files and whether the efforts were insufficient.

5.      However, in a further effort to resolve this "dispute," counsel for Raphan has approached their client for an affidavit identifying Brian Raphan's information technology background, and the steps he took to recover corrupted files.  In the event plaintiff determines it is

---

[1] Plaintiff failed to comply with Local Rule 37.2, and did not make any effort to meet and confer either in person or via telephone, before filing her motion.  Defendants nonetheless acting in good faith before filing this Response, reached out to Plaintiff's counsel to discuss the contents of her motion.

reasonably necessary to re-depose Raphan, counsel for Raphan will make him available. To the extent his additional testimony is needed, Defendants reserve the right to limit the scope of the deposition to his qualifications and efforts to retrieve corrupted emails.

6.      Finally, Plaintiff is also seeking additional testimony from Cohenson relating to documents and issues, which previously had been the subject of the Common Interest Doctrine. As highlighted above, Raphan Defendants have now produced all documents previously withheld based on this exception. In the event it becomes necessary; counsel for Cohenson will agree to reproduce her for deposition for only those issues and documents that had previously been subject to the Common Interest Doctrine.

7.      Since Plaintiff filed her motion to compel, Raphan Defendants have now amended their privilege log, produced all documents previously withheld based on the common interest exception to waiver, and agreed to re-tender Defendants for limited testimony, in the event it is necessary. Plaintiff's motion is therefore entirely moot and should be denied.

WHEREFORE, for the foregoing reasons, Defendants Melissa Cohenson and Brian Raphan, P.C., respectfully request that this Court deny Plaintiff's Motion to Compel Document Production and Testimony.

Respectfully submitted,

By:   /s/ Paul A. Ruscheinski
      Attorney for Defendants Melissa
      Cohenson and Brian A. Raphan, P.C.

Thomas M. Crawford (6210832)
Paul A. Ruscheinski (6279731)
LITCHFIELD CAVO LLP
303 W. Madison, Suite 300
Chicago, IL  60606
T: 312-781-6679 (Crawford)
T: 312-781-6602 (Ruscheinski)
crawford@litchfieldcavo.com
ruscheinski@litchfieldcavo.com

3

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the Defendants Melissa Cohenson's and Brian A. Raphan, P.C.'s Opposition To Plaintiff's Motion To Compel Document Production And Testimony has been served via the Court's electronic filing system on October 23, 2018 to the following attorneys of record:

Brad Arnold Berish
Adelman & Gettleman, Ltd.
53 West Jackson Boulevard
Suite 1050
Chicago, IL 60604
(312) 435-1050
bberish@ag-ltd.com
*Attorney for Plaintiff Katherine Black*

Patrick T. O'Neill
Michael H. Schaalman
Halling & Cayo, S.C.
320 E. Buffalo Street, Suite 700
Milwaukee, WI 53202
(414) 271-3400
pto@hallingcayo.com
mhs@hallingcayo.com
*PRO HAC VICE for Plaintiff Katherine Black*

Sharan Rachel Abraham
Sharan R. Abraham, Esq., PLLC
37 South Street
Roslyn Heights, NY 11577
(516) 672-1039
SharanRAbraham@gmail.com
*PRO HAC VICE for Plaintiff Katherine Black*

Steven P. Mandell
Steven L. Baron
Danielle N. Twait
Mandell Menkes LLC
1 North Franklin Street, Suite 3600
Chicago, IL 60606
(312) 251-1000
smandell@mandellmenkes.com
sbaron@mandellmenkes.com
dtwait@mandellmenkes.com
*Attorneys for Defendant Pamela Kerr*

Robert Mario Fantone, Jr,
Andrew L. Mancilla
Murray Mancilla & Fantone, LLP
260 Madison Avenue, 22nd Floor
New York, NY 10016
(646) 225-6686
robert@mmf-law.com
andrew@mmf-law.com
*PRO HAC VICE for Defendant Cherie Wrigley*

By:     /s/ Paul A. Ruscheinski
        **Attorney for Defendants Melissa
        Cohenson and Brian A. Raphan, P.C.**