IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHERINE BLACK, : <br> : <br> Plaintiff, : <br> : Case No. 1:17-cv-00101 <br> v. : <br> : Honorable Matthew F. Kennelly <br> CHERIE WRIGLEY, MELISSA COHENSON, : <br> BRIAN A. RAPHAN, P.C., and PAMELA KERR, : <br> : <br> Defendants. : | |

## DECLARATION OF DONALD HOMYK

DONALD HOMYK, pursuant to 28 U.S.C. § 1746, states as follows:

1. I am an attorney for Plaintiff, Katherine Black ("Katherine").

2. I submit this declaration in opposition to Defendants' motions for summary judgment.

3. Annexed hereto as **Exhibit 1** is a true and correct copy of the Declaration of Katherine Black, dated May 8, 2019 ("Katherine Decl.").

4. Annexed hereto as **Exhibit 2** is a true and correct copy of the letter that Katherine wrote to the New York Supreme Court in the NY guardianship proceeding, dated January 7, 2016 ("Katherine Letter").

5. Annexed hereto as **Exhibit 3** is a true and correct copy of the Attorney Affirmation of Melissa Cohenson in Support of the Temporary Restraining Order [concerning spending of

funds in Black family trusts], dated January 11, 2016, as filed with the New York Supreme Court ("Cohenson Jan. Aff.").

6. Annexed hereto as **Exhibit 4** is a true and correct copy of Katherine's Affidavit in Support of TRO, dated January 25, 2016, as filed with the New York Supreme Court ("Katherine TRO Aff.").

7. Annexed hereto as **Exhibit 5** is a true and correct copy of the TRO, signed by Justice Aliotta of the New York Supreme Court, prohibiting Defendants and others from contacting Katherine and her family's employers, schools, supervisors, colleagues, and others with control or influence over them, dated February 1, 2016 ("Aliotta TRO").

8. Annexed hereto as **Exhibit 6** is a true and correct copy of Cohenson's Affirmation & Reply in Suppot of Iral Salzman's & Anthony Dain's Motion to Vacate Katherine Litvak's TRO Application Seeking a Permanent Injunction, dated March 16, 2016, as filed with the New York Supreme Court ("Cohenson March Aff.").

9. Annexed hereto as **Exhibit 7** is a true and correct copy of Katherine's Affidavit in support of Permanent Injunction, dated March 16, 2016, as filed with the New York Supreme Court ("Katherine March Aff.").

10. Annexed hereto as **Exhibit 8** is a true and correct copy of the transcript of the March 21, 2016 hearing in the New York Supreme Court.

11. Annexed hereto as **Exhibit 9** is a true and correct copy of the transcript of the March 22, 2016 hearing in the New York Supreme Court. This is the best available copy of the final transcript.

12. Annexed hereto as **Exhibit 10** is a true and correct copy of the Amended Decision and Order of the New York Supreme Court, dated June 7, 2016 ("NY Guardianship Order").

13. Annexed hereto as **Exhibit 11** is a true and correct copy of the Last Will and Testament of Renata Black, dated December 19, 1997.

14. Annexed hereto as **Exhibit 12** is a true and correct copy Renata Black's handwritten instructions for her jewelry, dated December 15, 2007.

15. Annexed hereto as **Exhibit 13** is a true and correct copy of an indictment of Esaun Pinto and others, dated December 5, 2007.

16. Annexed hereto as **Exhibit 14** is a true and correct copy of a plea agreement of Esaun Pinto, dated March 31, 2009.

17. Annexed hereto as **Exhibit 15** is a true and correct copy of a draft Order Appointing a Special Conservator, filed with the Denver Probate Court on November 13, 2012.

18. Annexed hereto as **Exhibit 16** is a true and correct copy of the Amended Order Appointing Conservator for Adult, dated March 5, 2013.

19. Annexed hereto as **Exhibit 17** is a true and correct copy of an email sent by Defendant Cherie Wrigley on September 2, 2014.

20. Annexed hereto as **Exhibit 18** is a true and correct copy of the signed Proposal for Forensic Accounting Services, filed with the Denver Probate Court on February 2, 2015.

21. Annexed hereto as **Exhibit 19** is a true and correct copy of a Draft Order for an Independent Forensic Review of Financial Records and for Payment of Forensic Accountant, filed with the Denver Probate Court on February 25, 2015.

22. Annexed hereto as **Exhibit 20** is a true and correct copy of the transcript from a status conference before the Denver Probate Court on April 2, 2015.

23. Annexed hereto as **Exhibit 21** is a true and correct copy of the Status Conference Order, issued on April 2, 2015 by the Denver Probate Court.

24. Annexed hereto as **Exhibit 22** is a true and correct copy of a text message sent by Cherie Wrigley on April 2, 2015.

25. Annexed hereto as **Exhibit 23** is a true and correct copy of the transcription of a voicemail message left by Defendant Wrigley on April 2, 2015.

26. Annexed hereto as **Exhibit 24** is a true and correct copy of Ethics Point Report Number 381, initially created by Defendant Wrigley on May 7, 2015 ("Wrigley 2015 Ethics Point Complaint ").

27. Annexed hereto as **Exhibit 25** is a true and correct copy of Ethics Point Report Number 410, initially created by Defendant Wrigley on January 8, 2016 ("Wrigley 2016 Ethics Point Complaint").

28. Annexed hereto as **Exhibit 26** is a true and correct copy of Ethics Point Report Number 437, initially created by Defendant Wrigley on February 1, 2017 ("Wrigley 2017 Ethics Point Complaint").

29. Annexed hereto as **Exhibit 27** is a true and correct copy of an email sent by Esaun Pinto to Defendant Pamela Kerr on April 16, 2015, forwarding an email from April 14, 2015 that Pinto had sent to Defendant Wrigley.

30. Annexed hereto as **Exhibit 28A-D** are true and correct copies of four related email chains between Defendants and others, dated January 7 & 8, 2016 ("Defendants' Jan. 7 Emails"; "Defendants' Jan. 8 Emails"). This exhibit has multiple parts in order to capture the complete email correspondence among Defendants and others.

31. Annexed hereto as **Exhibit 29** is a true and correct copy of Defendant Kerr's signed letter to Northwestern, dated January 8, 2016, which she attached to the email chain in Exhibit 31.

32. Annexed hereto as **Exhibit 30** is a true and correct copy of an email chain with the subject line "RE: i/m/o Black, Joanne – next steps", dated January 13, 2016, between Defendants and others in which Defendant Wrigley's brother, Anthony Dain, sends to everyone in the chain his letter to Northwestern as an attachment.

33. Annexed hereto as **Exhibit 31** is a true and correct copy of the letter Anthony Dain wrote to Northwestern with handwritten comments by Defendant Melissa Cohenson.

34. Annexed hereto as **Exhibit 32** is a true and correct copy of an email with the subject line "Follow up from phone call," dated January 13, 2016, from Defendant Kerr to Dean Rita Winters at Northwestern.

35. Annexed hereto as **Exhibit 33** is a true and correct copy of an email with the subject line "RE: 18-19 leave" dated February 14, 2018, from Dean Daniel Rodriguez to Katherine and Bernard Black.

36. Annexed hereto as **Exhibit 34** is a true and correct copy of an email with the subject line "potential ethics matter" dated January 20, 2016, from Dean Daniel Rodriguez to Katherine and Bernard Black.

37. Annexed hereto as **Exhibit 35** is a true and correct copy of an email with the subject line "Northwestern Letterhead Call – Pam Kerr," dated January 8, 2016, from Aileen Reed to Katherine Schulte, describing the telephone call from Defendant Kerr.

38. Annexed hereto as **Exhibit 36** is a true and correct copy of an email with the subject line "Re: EthicsPoint – New Report (#381) – Employee Relations" dated May 8, 2015, from Melissa Durst of Northwestern Law School to Associate Dean Rita Winters.

39. Annexed hereto as **Exhibit 37** is a true and correct copy of a draft affidavit written by Katherine after Dean Winters told her of the call from Defendant Kerr ("Winters Draft Aff.").

40. Annexed hereto as **Exhibit 38** is a true and correct copy of memo to file written by Dean Winters recapping her telephone conversation with Defendant Kerr and a conversation with Katherine about signing an affidavit ("Winters Memo").

41. Annexed hereto as **Exhibit 39** is a true and correct copy of an email with the subject line "message," dated February 5, 2016, from Dean Daniel Rodriguez to Katherine and Bernard Black.

42. Annexed hereto as **Exhibit 40** is a true and correct copy of an email with the subject line "Letter to the Courts in Bernard Black matter (002)," dated February 24, 2016, from Dean Winters to Dean Rodriguez.

43. Annexed hereto as **Exhibit 41** is a true and correct copy of a letter sent to the New York Supreme Court and to the Denver Probate Court, dated March 2, 2016, from Northwestern University Chief Compliance Officer Marcia Isaacson.

44. Annexed hereto as **Exhibit 42** is a true and correct copy of an email chain with the subject line "Re: I/M/O Joanne Black," dated March 16, 2016, between Defendants and others.

45. Annexed hereto as **Exhibit 43** is a true and correct copy of the accounting for the Estate of Renata Black, dated March 17, 2016.

46. Annexed hereto as **Exhibit 44** is a true and correct copy of Defendants' common interest agreement.

47. Annexed hereto as **Exhibit 45** is a true and correct copy of the expert report by Katherine's expert, Dr. Robert M. Galatzer-Levy, dated December 10, 2018.

48. Annexed hereto as **Exhibit 46** is a true and correct copy of an email, dated January 17, 2019, from Northwestern's IT Service Manager to Bernard Black.

49. Annexed hereto as **Exhibit 47** is a true and correct copy of the Declaration of Bernard Black, dated May 7, 2019 ("Bernard Decl.")

50. Annexed hereto as **Exhibit 48** is a true and correct copy of the Sealing Order of the New York Supreme Court, sealing the NY Guardianship proceeding, dated October 16, 2014 ("Sealing Order").

51. Annexed hereto as **Exhibit 49** is a true and correct copy of Cohenson's Affidavit in Support of Ira Salzman's Motion to Restore the Disclaimer Motion to the Calendar and Remove Bernard and Samuel Black as Trustees, dated March 15, 2016, as filed with the New York Supreme Court.

52. Annexed hereto as **Exhibit 50** is a true and correct copy of an email chain with the subject line "Re: Joanne Black – Conversation w/Bart Russo" between Defendants and others, dated March 12, 2016.

53. Annexed hereto as **Exhibit 51A-B** is a true and correct copy of an email chain with the subject line "Re: Request for relief - draft number 2" that received two separate final replies, between Defendants and others, dated March 22, 2016.

54. Annexed hereto as **Exhibit 52** is a true and correct copy of pages from the Northwestern Ethics Point website that Defendant Cohenson downloaded and printed out.

55. Annexed hereto as **Exhibit 53** is a true and correct copy of an email with the subject line "Fw: Certified letter RE: Guardianship" from Cherie Wrigley to Bernard Black, dated October 23, 2015.

56. Annexed hereto as **Exhibit 54** is a true and correct copy of Katherine's medical records produced by Northwestern Medical Group.

57. Annexed hereto as **Exhibit 55** is a true and correct copy of Katherine's medical records produced by Trifactive.

58. Annexed hereto as **Exhibit 56** is a true and correct copy of Defendants' expert report with regard to neuro-psychological testing of Katherine, by Dr. Yuri Rassovsky.

59. Annexed hereto as **Exhibit 57** is a true and correct copy of the transcript of the April 4, 2019 deposition of Katherine's expert witness, Dr. Robert Galatzer-Levy.

60. Annexed hereto as **Exhibit 58A-B** is a true and correct copy of the transcript of the August 8, 2018 and August 10, 2018 depositions of Dean Daniel Rodriguez.

61. Annexed hereto as **Exhibit 59** is a true and correct copy of an email with the subject line "CPI Investigations invoices, payments, etc." from Defendant Kerr to Bernard Black and Cherie Wrigley, dated May 18, 2015.

62. Annexed hereto as **Exhibit 60** is a true and correct copy of a spreadsheet entitled "Details of Invoices from Esaun Pinto" that was created by Defendant Kerr and attached to the email in Exhibit 59 when it was sent on May 18, 2015.

63. Annexed hereto as **Exhibit 61** is a true and correct copy of an email from Janet Bice from Northwestern University Compliance to Marcia Isaacson, dated January 8, 2016.

64. Annexed hereto as **Exhibit 62** is a true and correct copy of an email from Defendant Kerr to Justice Aliotta of the New York Supreme Court and cc'd to Katherine, dated January 13, 2016.

65. Annexed hereto as **Exhibit 63** is a true and correct copy of an email chain with the subject line "Re: Estate Activity Schedules" between Defendants and others, dated March 12, 2016.

66. Annexed hereto as **Exhibit 64** is a true and correct copy of the order of the Denver

Probate Court denying Kerr's "motion to confirm" the court's April 2, 2015 order concerning the scope of the forensic accounting, dated January 7, 2019.

67. Annexed hereto as **Exhibit 65** is a true and correct copy of the transcript of a hearing held before this Court held on September 13, 2018.

68. Annexed hereto as **Exhibit 66** is a true and correct copy of an email from Rita Winters to Northwestern counsel Stephanie Graham, dated February 2, 2016.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: May 8, 2019

Donald L. Homyk