IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHERINE BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17-cv-00101 |
| | ) | |
| v. | ) | Judge Matthew F. Kennelly |
| | ) | |
| CHERIE WRIGLEY, MELISSA COHENSON, BRIAN A. RAPHAN, P.C. and PAMELA KERR, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS CHERIE WRIGLEY, PAMELA KERR, MELISSA COHENSON AND BRIAN RAPHAN, P.C.'S RESPONSE TO PLAINTIFF'S MOTION FOR CERTIFICATIONS OF DOCUMENT PRODUCTION COMPLETENESS AND <u>ALTERNATIVELY TO COMPEL PRODUCTION</u>**

Defendants, Cherie Wrigley, Pamela Kerr, Melissa Cohenson, and Brian A. Raphan, P.C.'s in Response to Plaintiff's Motion for Defendants Certifications of Document Production Completeness and Alternatively, to Compel Production ("Motion for Discovery Certifications"), state as follows:

1. Plaintiff's current counsel filed his appearance in this case on December 31, 2018. *See* Dkt. No. 244. At the February 21, 2019, status hearing Plaintiff's counsel informed this Court that he intended to file a motion to compel additional documents from the defendants. This Court accordingly entered an order that motions to compel were to be noticed for the next status hearing on March 11, 2019. *See* Dkt. No. 257. Plaintiff's counsel did not file any motion to compel before the deadline.

2. At the March 11, 2019 status hearing, Plaintiff's counsel again represented that he intended to file a motion to compel additional documents from the defendants. This Court gave Plaintiff's counsel another bite at the proverbial apple and ruled that any motion to compel was

1

to be filed by March 15, 2019, and noticed for hearing on March 20, 2019. *See* Dkt. No. 258. Plaintiff's counsel again did not file any motion to compel before the deadline.

3. On March 15, 2019, Plaintiff filed a Motion for Leave to File Instanter Motion to Compel. *See* Dkt. No 259.

4. On March 20, 2019, counsel for all parties met in this Court's chambers on, *inter alia,* Plaintiff's Motion for Leave to File Instanter Motion to Compel. That same day, the Court entered a minute order denying Plaintiff's Motion for Leave, without prejudice for refiling once there was an actual motion to present to the Court. *See* Dkt. No. 275.

5. Plaintiff's counsel now, 63 days after the deadline entered by this Court, and 58 days after the March 20th Order, filed the Motion for Discovery Certifications.

6. Fact discovery has been closed since December 19, 2018. *See* Dkt. No. 238. The trial date is currently set for July 16, 2019. *Id.*

7. "Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation." *Campania Mgmt Co. v. Rooks, Pitts, & Oust*, 290 F.3d 843, 851 (7th Cir. 2002). The Federal Rules of Civil Procedure do not place a set time limit on the outside date for bringing a motion to compel discovery. *Last Atlantis Capital LLC v. AGS Specialists, LLC*, 71 F.Supp.3d 760, 763 (N.D. Ill. 2014); quoting *In Re Sulfuric Acid Antitrust Litigation*, 231 F.R.D 331, 332-333 (N.D.Ill. 2005)(A motion to compel was denied where it was filed on the last day of the discovery period). However, "motions to compel filed after the close of discovery are almost-always deemed untimely." *Id.* Further, "where a party has waited to bring a motion to compel until the eve of a discovery deadline, the court is justified in denying the motion." *Ridge Chrysler Jeep, LLC, v. Daimler Chrysler Servs., N. Am., LLC*,

2

2004 WL 3021842, at 6 (N.D. Ill. 2004)(The court denied a motion to compel discovery where plaintiff filed it four days before the close of discovery).

8. Plaintiff's counsel elected to not file a motion to compel, even though he sought additional time to do so on several occasions, the last of which was March 15, 2019. *See* Dkt. No. 258. To this end, Plaintiff's counsel waited to file this motion until: 1) well after fact discovery closed in December of 2018; 2) after expert discovery closed; 3) after the Court's grant of additional time to file a motion to compel; (4) after defendants' summary judgment motions have been fully briefed; and (5) less than 2 months before the July 15, 2019 trial date.

9. Regardless of the timing of Plaintiff's motion, the certifications that Plaintiff now seeks, are not required. Perhaps more importantly however, counsel for all defendants have discussed, ad-nausea, and made it clear to Plaintiff's counsel beginning in early 2019, that all responsive and non-privileged documents have been produced. The certifications that Plaintiff now seeks at this late stage of the case are not required, necessary, or relevant.

10. With respect to the alternative relief sought, i.e., Motion to Compel, courts have denied similar motions to compel filed days **before** and/or days after a discovery deadline. *See In Re Sulfuric Acid*, 71 F.Supp.3d at 332-42; and *Ridge Chrysler Jeep, LLC,* 2004 WL 3021842 at 6. (emphasis added). Here, Plaintiff's counsel waited 9 weeks from the last deadline entered by this Court, to file his Motion for Discovery Certifications, including an alternative motion to compel. Finally, it is also telling that his motion offers no explanation whatsoever as to why he elected to wait weeks after this Court's deadlines to file his motion.

11. To suggest here that Plaintiff's counsel waited until the "11th hour" to file his motion would be extremely generous. Reopening fact discovery with the trial date less than 2 months away, with fully briefed summary judgment motions pending, would create extra costs

for all parties, and substantially prejudice the defendants in this case. Plaintiff's motion therefore, should be denied.

WHEREFORE, for the foregoing reasons, Cherie Wrigley, Pamela Kerr, Melissa Cohenson, and Brian A. Raphan, P.C., respectfully move this Court for an order denying Plaintiff's Motion for Defendants Certifications of Document Production Completeness and Alternatively, to Compel Production.

Respectfully submitted,

By: /s/ Paul A. Ruscheinski
    Attorney for Defendants Melissa
    Cohenson and Brian A. Raphan, P.C.

Thomas M. Crawford (#6210832)
Paul A. Ruscheinski (#6279731)
Litchfield Cavo LLP
303 West Madison Street, Suite 300
Chicago, Illinois 60606-3300
Telephone: (312) 781-6679
Facsimile: (312) 781-6630
E-Mail: crawford@litchfieldcavo.com
E-Mail: ruscheinski@litchfieldcavo.com

| | |
|---|---|
| By:   /s/ Steve L. Baron<br>Attorney for Pamela Kerr | By:   /s/ Robert M. Fantone, Jr.<br>Attorney for Cherie Wrigley |
| Steve P. Mandell (#6183729)<br>Steven. L Baron (#6200868)<br>Mandell Menkes LLC<br>1 N. Franklin, Suite 3600<br>Chicago, Illinois 60606<br>Telephone: (312) 251-1000<br>E-Mail: sbaron@mandellmenkes.com<br>E-Mail: smandell@mandellmenkes.com | Robert M. Fantone, Jr.<br>Andrew L. Mancilla<br>Mancilla & Fantone LLP<br>22nd Floor<br>260 Madison Ave.<br>New York, NY 10016<br>(646) 225-6686<br>robert@law-mf.com<br>andrew@law-mf.com<br>*Admitted Pro Hac Vice* |

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, hereby certifies that a true and correct copy of Defendants Cherie Wrigley, Pamela Kerr, Melissa Cohenson, and Brian A. Raphan, P.C.'s, in response to Plaintiff's Motion for Defendants Certifications of Document Production Completeness and Alternatively, to Compel Production has been served via the CM/ECF system on May 28, 2019, to the following attorneys of record:

| | |
|---|---|
| Donald L. Homyk<br>Law Office of Donald L. Homyk<br>6944 North Ionia Avenue<br>Chicago, IL 60646<br>(773) 805-4393<br>donaldhomyk@gmail.com<br>*Attorney for Plaintiff, Katherine Black* | Steven P. Mandell<br>Steven L. Baron<br>Mandell Menkes LLC<br>1 North Franklin Street, Suite 3600<br>Chicago, IL 60606<br>(312) 251-1000<br>smandell@mandellmenkes.com<br>sbaron@mandellmenkes.com<br>*Attorneys for Defendant, Pamela Kerr* |
| Robert Mario Fantone, Jr,<br>Andrew L. Mancilla<br>Murray Mancilla & Fantone, LLP<br>260 Madison Avenue, 22nd Floor<br>New York, NY 10016<br>(646) 225-6686<br>robert@mmf-law.com<br>andrew@mmf-law.com | |

By:   /s/ Paul A. Ruscheinski

      Attorney for Defendants Melissa
      Cohenson and Brian A. Raphan, P.C.

Thomas M. Crawford (6210832)
Paul A. Ruscheinski (6279731)
LITCHFIELD CAVO LLP
303 W. Madison, Suite 300
Chicago, IL  60606
t 312-781-6679 (Crawford)
t 312-781-6602 (Ruscheinski)
f 312-781-6630