| | |
|---|---|
| District Court, Denver County, Colorado<br>Court Address:<br>1437 Bannock Street, Denver, Colorado 80202<br>**In re the Interest of:**<br><br>**JOANNE BLACK,**<br>                                        **Protected Peson.** | DATE FILED: April 2, 2015 1:07 PM<br>CASE NUMBER: 2012PR1772<br><br><br>▲  COURT USE ONLY  ▲ |
| Attorney or Party Without Attorney (Name and Address)<br><br>Phone Number:                         Email:<br>FAX Number:                         Atty. Reg. #: | Case Number:<br>12 PR 1772<br><br>Courtroom 224 |
| **STATUS CONFERENCE ORDER** | |

THIS MATTER came before the Court for a Status Conference on April 2, 2015. Present in person were: Lisa DiPonio, Esq. Court Appointed Counsel for the Protected Person (PP) Joanne Black; Conservator Bernard Black with Counsel Carl Glatstein, Esq.; Guardian *ad Litem* (GAL) for the PP Gayle Young, Esq.; Interested Persons and Cousins Anthony Dain, Esq. and Cherie Wrigley; Special Conservator Nominee Nancy Peterson, Esq. Present by telephone were: PP Joanne Black with New York Counsel Ira Saltzman, Esq.; Esan Pinto.

Discussion was held on the record to clarify the case status for this matter and the cases in New York State Supreme Court and Surrogate Courts. The parties represent there is no dispute as to the interpretation of Renata Black's Will. Objections have been asserted as to Bernard Black's management of his sister's funds and particularly with respect to the division of POD accounts left to Joanne Black by her mother, Renata Black. The parties have stipulated to a forensic accounting of the Conservatorship estate, including the affected trusts, the disclaimer of Fidelity and Vanguard accounts, POD benefits for all accounts which disclaimers were used to transfer funds into the Renata Black Estate, the Roth IRA, all amounts paid to attorneys and accounts – in short, a complete review of all funds and assets related to Joanne Black both before and after the disclaimer, by Pamela Kerr, CPA. This Court has reviewed the record including the various reports, responses, objections, exhibits and attachments, as well as relevant authority and enters the following Orders pending an evidentiary hearing:

1. Bernard Black is the subject of allegations of misconduct by the PP and her cousins which he vigorously denies. It appears to the Court to be prudent to suspend his authority pending an evidentiary hearing and the results of Ms. Kerr's forensic accounting review. This suspension is not a determination of misconduct, but rather an attempt by this Court to address concerns raised by the PP, her cousins, the GAL and Ms. Black's attorneys, and to allow the PP to continue to receive funds for her monthly

1

BLACK016676

living expenses and other necessary expenses without contributing to the family conflict.

2. This Court finds it should finalize the current allegations in Colorado prior to transfer of the conservatorship to New York State, where the PP resides. The Court is informed that a hearing for the appointment of a guardian and conservator (Guardian of the Person and Property) is scheduled in the New York Supreme Court on April 30 and May 1, 2015. This Court finds that proceeding should continue and it is proper for the New York Court to make a determination as to whether Mr. Black should continue to manage his sister's funds as guardian of her property, which is the equivalent of a conservator in Colorado, or whether Ms. Wrigley or a professional fiduciary or another individual should be appointed to that role going forward. There is no guardian/guardian of the person appointed for Joanne Black in the State of Colorado, as Mr. Black's petition for such appointment was dismissed by this Court on October 27, 2014 in deference to the New York Court's jurisdiction where Ms. Black resides.

3. Accordingly, the Court Suspends Bernard Black as Conservator, pending further hearing. Mr. Black's Letters expire April 11, 2015 and shall not be reissued.

4. The Court finds the appointment of a Special Conservator pursuant to 15-14-112, C.R.S. to serve in an interim capacity, pending the appointment of a permanent conservator or Guardian of the Property in New York is appropriate. The Court appoints Nancy Peterson, Esq. to serve as Special Conservator. Letters may issue and shall expire upon completion of these proceedings in Colorado and transfer to the fiduciary appointed by the Court in New York.

5. Ms. Peterson shall have the responsibility to manage Ms. Black's Social Security and Workmen's Compensation benefits and to pay Ms. Black's reasonable and necessary expenses. Ms. Peterson shall secure the benefits and cause them to be deposited into a conservatorship account, from which Ms. Peterson shall pay Ms. Black's monthly living and other reasonable expenses. Mr. Black shall cooperate with redirecting the funds from these two sources into the conservatorship account which Ms. Peterson shall establish. All funds managed by Ms. Peterson shall be turned over to the conservator/guardian of the property appointed by the Court in New York upon completion of the proceedings in Colorado. It is not this Court's intention that Ms. Peterson be required to obtain court approval for Ms. Black's regular monthly living expenses or for her necessary physician, mental health or similar expenses.

6. All other assets related to Ms. Black are frozen, pending final hearing. Should there be any requests for funds from the supplemental needs or

BLACK016677

other trust to benefit Ms. Black which cannot be paid from the conservatorship account, the request may be submitted to the Trustee, who shall in turn obtain permission from this court to disburse funds before any payment is made. All requests for funds to be paid from the conservatorship account or from any trust shall be supported by written documentation. Ms. Peterson shall obtain copies of any rental or other agreements to document Ms. Black's ongoing monthly living expenses.

   a. Mr. Black's request for an exception to pay for taxes is granted. Trust funds may be used to pay for legal and accounting fees related to the preparation of tax returns and to pay any taxes due for Ms. Black. Full documentation of the fees, costs and tax payments shall be provided to Ms. Kerr.

7. It has been suggested to the Court that no one is currently named as the Representative Payee for Ms. Black's social security benefits. It appears the former Representative Payee was Esan Pinto, but the funds were redirected by Mr. Black into one of the Trusts he established for Ms. Black. Mr. Black represents there are social security payments currently being held by the Social Security Administration due to the lack of a Representative Payee. The parties shall confer regarding who should serve as the Representative Payee or whether Ms. Peterson should serve in that capacity, pending a final determination. Regardless of who is named to serve as Representative Payee, that individual if other than Ms. Peterson, shall cooperate and ensure the social security benefits are retrieved and deposited into the conservatorship account to be managed by Ms. Peterson.

8. Mr. Pinto shall provide a complete accounting with documentation of all funds that were held under his control to Ms. Kerr and Ms. Peterson, who shall ensure copies are provided to Counsel of record including Mr. Saltzman, the GAL, Mr. Dain and Ms. Wrigley.

9. Mr. Glatstein has represented that he has obtained a transcript of the proceedings held before this Court to appoint Mr. Black as conservator. Mr. Glatstein shall file a copy of the transcript with this Court and provide copies to Counsel of record including Mr. Saltzman, the GAL, Mr. Dain and Ms. Wrigley.

10. Mr. Black has requested trust and/or conservatorship funds to pay for his attorney fees and costs for defending his actions as conservator. The GAL and CAC DiPonio also request funds to pay their fees. The Court finds there are sufficient funds in the conservatorship estate to pay these fees and costs, but finds it is more appropriate to resolve the fee issues after the results of the forensic accounting are known and the evidentiary hearing on the disclaimer issue has been held. Accordingly, the payment

BLACK016678

of attorney fees and costs is held in abeyance pending further proceedings in this Court.

11. Mr. Glatstein shall provide complete copies of all trusts involving Ms. Black to the Court, Counsel, GAL, Mr. Dain and Ms. Wrigley, including the Issue Trust, the 2013 Trust and the Supplemental Needs Trust, however they may be titled as well as any other trusts affecting Ms. Black.

12. Ms. Wrigley asserts she has been paying for Ms. Black's living expenses and needs from her own, personal funds, has provided documentation to Mr. Black but has not received any reimbursement. It is unclear to the Court why it would be necessary for Ms. Wrigley to pay any of Ms. Black's expenses from her own funds. Regardless, Ms. Wrigley is directed to provide an itemization of all amounts paid by her with copies of receipts, statements and the like to support those expenses to Ms. Peterson for review, and include copies to all counsel, the GAL and Mr. Dain. Objections shall be brought to Ms. Peterson's attention, who shall determine whether the expenses or any one of them should be reimbursed. Ms. Peterson may file a petition for approval before disbursing any of the funds under her control to Ms. Wrigley. Any reimbursements which cannot be paid from the funds under Ms. Peterson's control may be paid from Trust funds, after a specific request has been made to this Court by the Trustee as previously described.

13. The Court finds an evidentiary hearing is required to resolve what the Court has identified as the fundamental issues in this matter: whether the disclaimer obtained by Mr. Black as to the accounts at Fidelity and Vanguard POD to Joanne Black should have acted to divest Ms. Black of 1/3 of these non-probate assets. Hearing will also determine whether it was properly disclosed that Mr. Black intended or had authority to redirect one-third of these non-probate assets, left in their entirety to Ms. Black, to persons other than Ms. Black. As part of these proceedings, the Court will determine whether the allegations of breach of fiduciary duty are supported by the evidence and whether any disgorgement or unwinding of fiduciary actions, including the creation of trusts is appropriate. Hearing on these issues is scheduled on June 16 and 17, 2015 commencing at 9:00 a.m.

BLACK016679

14. It is this Court's intention to resolve the issues identified in this Order and to then transfer the conservatorship to the jurisdiction of the Court in New York, under the fiduciary appointed by that Court.

DONE IN OPEN COURT this 2nd day of April, 2015.

BY THE COURT:

*Elizabeth D. Leith*

Elizabeth D. Leith
JUDGE
Denver Probate Court

BLACK016680