IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHERINE BLACK, | |
| Plaintiff, | |
| v. | Case No. 1:17-cv-00101 |
| | Honorable Matthew F. Kennelly |
| CHERIE WRIGLEY, MELISSA COHENSON, BRIAN A. RAPHAN, P.C., and PAMELA KERR, | |
| Defendants. | |

**PLAINTIFF KATHERINE BLACK'S WRITTEN PROFFER OF EVIDENCE SHE WILL OFFER AS A RESULT OF THE COURT'S RULING ON HER MOTION *IN LIMINE***

Plaintiff Katherine Black, by her attorney, Donald L. Homyk, submits this proffer in response to the Court's July 13, 2019 Order. Dkt. No. 377. This proffer of additional witness testimony and evidence not previously included in Plaintiff's pretrial order.[1] The proffer below responds point by point to Defendants' Joint Proposed Proffer of Evidence that they claim supports their defense of substantial truth.

| Statement Defendants Allege are "Slander" | Additional Evidence to Rebut Substantial Truth Defense |
|---|---|
| Katherine's letter. | Katherine submitted her letter to the Court in a sealed guardianship case with access only by the participants and no one else. |
| | If a submission to the court can be considered slander at all, then Wrigley created the potential "slander" when Wrigley published Katherine's letter. |
| | The following cited portions of Plaintiff's proffered evidence shows that Katherine submitted her letter in a |

---

[1] Plaintiff is offering 22 exhibits, 18 of which are new exhibits and constitute additional rebuttal evidence.

| Statement Defendants Allege are "Slander | Additional Evidence to Rebut Substantial Truth Defense |
|---|---|
| | sealed proceeding with limited participants and that Defendant Wrigley created the opportunity to call the letter slander by circulating it outside of the proceeding. Ex. 1, NY Guardianship hearing transcript, Mar. 21, 2016 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 2, NY Guardianship Sealing Order, Oct. 16, 2014 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Wrigley 2016 EthicsPoint Complaint submitting letter to Northwestern and circulating it beyond sealed proceeding. |
| "Dain, acting as a trustee of the Black family trusts, repeatedly violated his fiduciary duties as trustee to prevent the Black family from hiring legal representation." | The following cited portions of Plaintiff's proffered additional evidence shows that Dain, while a trustee of the SNT and of the Issue Trust, sought to defund the trusts: Ex. 3, NY guardianship status conference transcript, Feb. 19, 2015 ▓▓▓ Showing that Dain sought to freeze all spending from the trusts, including on legal defense of the trusts against Dain's defunding efforts: ▓▓▓ Testimony of Bernard Black regarding Dain's use of his trustee power to prevent the trustees from spending trust funds to hire legal representation. |
| "The pattern of Wrigley's and Dain's misconduct includes perjury, suborning of perjury, witness tampering, blackmail, threats to counter-parties, threats to an attorney of the counterparties, illegal withholding of documents, failure to comply with discovery requests in the related proceedings in Colorado; repeated efforts to obtain relief without proper notice or, as in the case in this Court, without any notice at all; repeated false and misleading statements made by an officer of the court (Dain); repeated efforts to persuade courts to act, not only without proper notice but without jurisdiction; bringing Dain and Wrigley as surprise witnesses after Dain repeatedly said they would not testify, and much more." | Anthony Dain asserted his authority, to the New York Guardianship Court, as co-trustee of the Joanne Black 2013 Trust one month after he resigned as co-trustee. Ex. 4, Dain Email, Dec. 2, 201▓ ▓▓▓; Ex. 5, Dain Letter to NY Guardianship Court, Dec. 30, 2015 ▓▓▓ In a sworn statement to the New York Court, Wrigley denied that there had been any allegations concerning Pinto's conduct, despite such allegations having been made months earlier during the April 2, 2015 Denver Probate Court status conference. Ex. 6, Wrigley Answer to Amended Petition, Sept. 21, 2014 ▓▓▓ |

2

| **Statement Defendants Allege are "Slander** | **Additional Evidence to Rebut Substantial Truth Defense** |
|---|---|
| | Anthony Dain testified that in New York that ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████ Ex. 7, NY Guardianship hearing transcript, Mar. 22, 2015, pp. 337-38.  However, Chase Legal informed that "at the instruction of Mr. Dain, we temporarily removed Mr. Black as a co-trustee on the SNT brokerage and checking accounts." Ex. 8, Letter from Chase Wealth Management Legal Department, Apr. 1, 2016.  Furthermore, shortly before Dain's denial, he completed paperwork at JPMorgan Securities to remove Bernard Black from the SNT brokerage account. Ex. 9, Account Change Request, Mar. 4, 2016.<br><br>Testimony of Bernard Black regarding Wrigley's and Dain's knowledge of the effects of the disclaimer and false statements to courts.<br><br>Email providing evidence of Wrigley's knowledge of the disclaimer and its effects, including:<br>    Ex. 10, Wrigley to Sarah Black, July 21, 2012, ("once your grandmother's estate goes through probate shortly you will have more than enough to pay for all your schooling needs")<br>    Ex. 11, Black email to Wrigley, Nov. 5, 2012 (Bernard asking Wrigley to explain to his daughter, Rebekah, the advantage to her of the disclaimer)<br><br>Emails and documents providing evidence of Dain's knowledge of the disclaimer and its effects:<br>    Ex. 12, Bernard letter to Vanguard, July 20, 2012 (advising Vanguard that the Dain will be the likely guardian for Joanne)<br>    Ex. 13, Black email to Wrigley, Sept 5, 2012 (concerning whether Dain is willing to be Joanne's guardian)<br><br>Wrigley filed a complaint with the Office of Attorney Regulation against Bernard Black's former counsel, seemingly in cooperation with Defendant Kerr. Ex. 14 ("I have filed this complaint against Carl Gladstein and the law firm of Gladstein and O'Brien," "If you have any questions, please contact Pam Kerr at . . .").<br><br>Ex. 15, Dain's email to Bernard Black's counsel, Piper Hoffman, Dec. 22, 2015, stating that "I do not believe New York's litigation privilege protects you from a claim for |

3

| Statement Defendants Allege are "Slander | Additional Evidence to Rebut Substantial Truth Defense |
|---|---|
| | defamation per se" in response to her court filing in a sealed proceeding.<br><br>Ex. 1, NY guardianship status conference transcript, March 21, 2016, where the Court found: ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ that Wrigley was unsuitable to be guardian of Joanne Black, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ that Wrigley did not act in the best interests of Joanne Black. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉<br><br>Ex. 3, NY guardianship status conference transcript, Feb. 19, 2015: Dain's statements provide evidence that he was familiar with Bernard's request in Colorado for disclaimer authorit▉▉▉▉▉▉▉▉▉▉ This is inconsistent with his testimony in Colorado, where he denied any knowledge about the disclaimer.<br><br>Dain also testified to ignorance about the Issue Trust ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ This is inconsistent with Dain signing an account opening form for the Issue Trust at Chase Bank. Ex. 16, Chase Bank account opening form for Issue Trust, signed by Dain, May 4, 2015.<br><br>Wrigley told the court, through counsel, that she had no knowledge of the effects of the disclaimer, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ However, emails from Bernard Black show otherwise. Ex. 17, Email from Bernard Black to Dain and Wrigley, June 29, 2014 ("Assets needed to be moved out of my mother's accounts at Vanguard into the trusts. . . . So the Chase trusts hold, in |



4

| Statement Defendants Allege are "Slander" | Additional Evidence to Rebut Substantial Truth Defense |
|---|---|
| | large part, Vanguard assets. . . . Tony was aware that the trusts were at Chase."). <br><br> Ex. 18, Email from Dain, Oct. 9, 2015, threatening co-trustee Samuel Black with litigation ("I do not believe there is any personal benefit to Samuel Black in continuing as Trustee of the Supplemental Needs Trust, nor do I think he wants to engage in protracted litigation and oversight by the Courts over every decision or action we would need to take."). |
| "Dain petitioned this Court and the Colorado court to freeze all Black family trust assets, again openly stating that the purpose of the asset freeze is to ensure that the Black family does not use any trust money for legal expenses. All of this violates Dain's fiduciary duties to the trust beneficiaries." | Ex. 3, NY guardianship status conference transcript, Feb. 19, 2015, showing Dain seeking to defund the trusts for which he was co-trustee ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ <br><br> Testimony of Bernard Black regarding Dain's conduct, including his efforts to freeze trust assets to prevent defense against his effort to defund the trusts. <br><br> Ex. 19, Dain complaint for Olga Dal loan to trusts, Nov. 30, 2017, Olga Dal v Bernard S. Black and Samuel Black, Case 2017-L-9744 (shows that Dain claimed to be a trustee of the Joanne Black 2013 Trust, years after resigning). <br><br> Ex. 20, Court decision upholding Olga Dal loans to trusts, June 3, 2019 (Illinois court found no merit in Dain's claim of fraud by Olga Dal in lending money to the Black family trusts). <br><br> Ex. 21, Dain complaint for Katherine loan to trusts, Nov. 30, 2017, Katherine Litvak v Bernard S. Black and Samuel Black, Case 2017-L-9743 (shows that Dain claimed to be a trustee of the Joanne Black 2013 Trust, years after resigning). |
| "[Dain] breached numerous fiduciary duties while he was at it, including the duty of loyalty, duty of impartiality, duty to defend the trusts in litigation, duty to provide information, duty of confidentiality, and so on." | Dain, while SNT and Issue Trust co-trustee, sought to defund the trusts. Ex. 3, NY guardianship status conference transcript, Feb. 19, 2015 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ <br><br> Testimony of Bernard Black regarding Dain's breaches of fiduciary duties as trustee. |
| "Dain's temporary success in Colorado was obtained through his own gross legal violations, combined with his and Wrigley's threats, blackmail, coercion, and outright perjury, in proceedings where neither the trusts nor beneficiaries individually were represented due to Dain's breaches of fiduciary duties." | Testimony of Bernard Black regarding Wrigley's and Dain's knowledge of the effects of the disclaimer, which Dain and Wrigley denied in testimony in Colorado and New York. <br><br> Dain testified in New York tha▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |

5

| Statement Defendants Allege are "Slander | Additional Evidence to Rebut Substantial Truth Defense |
|---|---|
| | ▬▬▬▬▬▬▬▬▬ Ex. 3, NY guardianship status conference transcript, Feb. 19, 2015, p. 18. This is contradicted by Dain signing an account opening document for the Issue Trust at Chase Bank, May 4, 2013, Ex. 16, and an email from Bernard to Dain and Wrigley, which stated the "Assets needed to be moved out of [] accounts at Vanguard into the trusts. . . So the Chase trusts hold, in large part, Vanguard assets." Ex. 17, Email from Bernard Black to Wrigley and Dain, June 29, 2014. |
| "...Wrigley and Dain personally sought and obtained the freeze on Joanne's trusts! All that Dain and Wrigley need to do is to petition the Colorado court to lift their own freeze on the trusts' assets. Until that happens, the vast bulk of Joanne's money is not accessible to anyone, whether Wrigley is appointed guardian or not." | Ex. 22, FINRA Award, March 23, 2018, in which the Financial Industry Regulatory Authority ("FINRA") Arbitration panel granted Bernard Black the relief he sought, with Dain testifying in opposition, including to permit SNT distributions for the benefit of Joanne Black. ("JPMS specifically is authorized, directed and ordered upon request by SNT Trustee(s), except for litigation matters as referenced above, to expend SNT assets for the benefit of Joanne Black, including her personal needs, clothing, food, living arrangements, travel, and entertainment." p. 6).<br><br>Dain testified about his goal of defunding the trusts, for which he was a co-trustee. Ex. 3, NY guardianship status conference transcript, Feb. 19, 2015: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬<br><br>Ex. 19, Dain complaint for Olga Dal loan to trusts, Nov. 30, 2017, Olga Dal v Bernard S. Black and Samuel Black, Case 2017-L-9744 (shows that Dain claimed to be a trustee of the Joanne Black 2013 Trust, years after resigning).<br><br>Ex. 20, Court decision upholding Olga Dal loans to trusts, June 3, 2019 (Illinois court found no merit in Dain's claim of fraud by Olga Dal in lending money to the Black family trusts).<br><br>Ex. 21, Dain complaint for Katherine loan to trusts, Nov. 30, 2017, Katherine Litvak v Bernard S. Black and Samuel Black, Case 2017-L-9743 (shows that Dain claimed to be a trustee of the Joanne Black 2013 Trust, years after resigning).<br><br>Testimony of Bernard Black regarding Dain efforts to freeze SNT and Issue Trust, and Dain's use of SNT to pay legal bills but not to directly benefit Joanne. |
| "Wrigley and Bernard Black together conceived a plan to disclaim assets in Renata Black's accounts at Vanguard, which Renata Black had supposedly left directly to Joanne, so that they would flow | Ex. 10, Email from Wrigley to Bernard Black's daughter, Sarah Black, Jul. 21, 2012: ("I don't want to spoil any good news but I am sure your Dad has told you that once your grandmother's estate goes through probate shortly you will |

6

| Statement Defendants Allege are "Slander | Additional Evidence to Rebut Substantial Truth Defense |
|---|---|
| through Renata Black's estate, with two-thirds of the assets going to Joanne's Supplemental Needs Trust, and one-third to an Issue Trust, principally for Renata Black's grandchildren." | have more than enough to pay for all your schooling needs"). <br><br>Ex. 11, Email from Bernard Black to Wrigley, Nov. 5, 2012 in which Bernard asks Wrigley to tell his daughter that the disclaimers will benefit her: ("For the waiver, please stress to Bekah that this is for her benefit – and her siblings.") <br><br>Testimony of Bernard Black regarding Wrigley's specific acts to generate the disclaimer, obtain signatures from Rebekah and Joanne, and Wrigley's knowledge of the effects of the disclaimer, which Wrigley denied in testimony. <br><br>Emails with Wrigley listed above, involving Sarah and Rebekah Black providing evidence of Wrigley's knowledge of the disclaimer and its effects, <br><br>Ex. 3, NY guardianship status conference transcript, Feb. 19, 2015: Dain's statements provide evidence that he and Wrigley was familiar with Bernard's request in Colorado for disclaimer authority |
| "Because Bernard Black did not acquiesce to Wrigley's blackmail, she developed a new scheme. In 2014, with the help of her litigator brother Dain, Wrigley devised a scheme to strip the Black family of their interests in their family trusts, take control over the Black family money, and spend a significant portion of it on herself, and convince Joanne to bequeath to Wrigley and Dain whatever Wrigley failed to spend." | Testimony of Bernard Black regarding Wrigley's knowledge of the effects of the disclaimer and assistance in obtaining Rebekah's disclaimer. <br><br>Wrigley email to Black, June 29, 2014 ("By the time I read this it is too little too late. You have chosen to bump heads with a moving train"; denying knowledge that trusts were at Chase; asserting that McKeel house was deeded to Joanne). <br><br>Dain email to Black, Sept. 4, 2014 ("Litigation is wildly expensive"). <br><br>Ex. 3, NY guardianship status conference transcript, Feb. 19, 2015 |
| "Dain and Wrigley claim to be acting in the interests of Joanne Black, but their efforts have harmed Joanne Black as well, as we will explain in a hearing if we are allowed to have one." | Ex. 1, NY hearing transcript, Mar. 21, 2016: <br><br>Ex. 22, FINRA Award, March 23, 2018, in which the Financial Industry Regulatory Authority ("FINRA") Arbitration panel granted Bernard Black the relief he sought, with Dain testifying in opposition, including to |

7

| Statement Defendants Allege are "Slander | Additional Evidence to Rebut Substantial Truth Defense |
|---|---|
|  | permit SNT distributions for the benefit of Joanne Black. ("JPMS specifically is authorized, directed and ordered upon request by SNT Trustee(s), except for litigation matters as referenced above, to expend SNT assets for the benefit of Joanne Black, including her personal needs, clothing, food, living arrangements, travel, and entertainment." p. 6).<br><br>Testimony from Bernard Black as to the efforts by Dain to spend SNT funds on litigation, and failure to use SNT funds for Joanne's direct personal benefit. |
| "Dain has breached a litany of fiduciary duties to the beneficiaries of the Black family trusts." | Testimony of Bernard Black regarding Dain's breaches of fiduciary duty, including seeking to defund the SNT and the Issue Trust and seeking to prevent use of trust assets to hire counsel to defend against his defunding efforts.<br><br>Dain's actions in freezing trusts to prevent legal defense against his defunding efforts, discussed above<br><br>Ex. 3, NY guardianship status conference transcript, Feb. 19, 2015 Showing that Dain sought to freeze all spending from the trusts, including on legal defense of the trusts against Dain's defunding efforts: |
| "Wrigley, assisted by a convicted felon Esaun Pinto, embezzled and defrauded Joanne and the Black family." | Testimony of Bernard Black regarding Pinto's unauthorized withdrawals from Joanne's bank accounts.<br><br>Bernard's analysis of records for Joanne's bank accounts at Chase and Wells Fargo, showing Pinto's withdrawals. |

8