IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHERINE BLACK, )<br> )<br>      Plaintiff, )<br> )<br>  vs. )<br> )<br>CHERIE WRIGLEY, MELISSA )<br>COHENSON, BRIAN A. RAPHAN, )<br>P.C., and PAMELA KERR, )<br> )<br>      Defendants. ) | Case No. 17 C 101 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On August 3, 2020, the Court entered an order denying plaintiff Katherine Black's motions for judgment as a matter of law and for a new trial and granting in part defendant Pamela Kerr's motion for costs, awarding Kerr $19,004.97 in costs against Black. On August 30, 2020, Black filed a motion entitled "Plaintiff's Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e)," challenging the award of costs. The Court denies this motion for the reasons stated below. The Court also denies Black's motion for sanctions contained within her motion to alter or amend.

There are two preliminary procedural points. First, the Court does not believe that Black's motion is properly considered as a motion under Federal Rule of Civil Procedure 59(e). That rule governs motions "to alter or amend a judgment." Fed. R. Civ. P. 59(e). The judgment in this case was entered on August 26, 2019, after the jury returned its verdict following the trial of this case. An award of costs is not a "judgment"

as the Civil Rules use that term. Rather, such an award is collateral to the judgment. *See generally Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268-69 (1988); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (like imposition of costs, imposition of sanctions is not a judgment on the merits but rather involves a collateral issue). In addition, Black already filed one motion under Rule 59(e), and generally speaking a party is not entitled to file two such motions. *See, e.g., Andrews v. E.I. DuPont de Nemours and Co.*, 447 F.3d 510, 516 (7th Cir. 2006) ("A party gets one shot at asking the district court to alter or amend the judgment and then he must move forward with his appeal—at least in the ordinary case."; the rare exception is when the district court, in ruling on a Rule 59(e) motion, changes matters of substance in a judgment). Black's motion is better characterized as a motion under Federal Rule of Civil Procedure 60(b), which allows for relief "from a final judgment, *order*, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added).

Second, after filing the motion, Black filed a notice of appeal, so there is a question of whether this Court still has the authority to decide the motion. The Court believes it does, pursuant to Federal Rule of Civil Procedure 62.1(a)(2), which permits a district court to deny a party's motion for relief after a notice of appeal has been filed.

The Court therefore turns to the merits of Black's motion. As an initial matter, Black repeatedly asserts that Kerr has not shown that she was entitled to costs. Black applies the wrong standard. Because Kerr was the prevailing party, recovery of costs is presumed, and Black, not Kerr, carried the burden to show that the taxed costs were not appropriate. *See Richardson v. Chicago Transit Auth.*, 926 F.3d 881, 893 (7th Cir. 2019) ("There is a presumption that the prevailing party will recover costs, and the

losing party bears the burden of an affirmative showing that taxed costs are not appropriate. This presumption is difficult to overcome and therefore, the district court's discretion is narrowly confined." (internal quotation marks and citations omitted)).

Black contends that the Court made two inconsistent findings regarding Bernard Black. Specifically, the Court found that Katherine Black had not sustained her burden of showing that Kerr should not recover costs for serving Bernard in Illinois at a time when Kerr's counsel supposedly knew he was living in Israel. The Court stated that "[t]his is because [Black] has not submitted evidence showing that Bernard was living in Israel at that time or that Kerr knew he was living there." *Black v. Wrigley*, No. 17 C 101, 2020 WL 4437677, at *25 (N.D. Ill. Aug. 3, 2020). Separately, the Court awarded costs for the video deposition of Bernard because "[h]e was on sabbatical in Israel at the time of the deposition, so it was reasonable for Kerr to presume that he might not be within the Court's subpoena power at the time of trial." *Id.* at *26.

Black contends the two rulings are inconsistent. They are not. A court's determination of whether a deposition-related cost is necessary "must be made in light of the facts known at the time." *Mother & Father v. Cassidy*, 338 F.3d 704, 712 (7th Cir. 2003). Kerr incurred these two items of costs at different times. On the first, Black did not show that Kerr knew *at the time she initiated service of a deposition subpoena* that Bernard was living in Israel, and thus she did not show that the costs of service were unnecessary. On the second, by the time Bernard was deposed, Kerr unquestionably knew that he was in Israel; that is why the deposition was conducted remotely. The fact that Kerr knew Bernard was in Israel later, when the deposition was taken, does not lead to the conclusion that she knew at an earlier time that he was in Israel then. Black

has not provided any evidence showing that Kerr knew this when she caused service of the deposition subpoena.

Black also contends, without citing any evidence or case law, that the Court should reduce the award of taxable costs by three-fourths because, she claims, the defendants shared costs and Kerr was allegedly defrauding her insurer. The Court previously concluded that "provided no evidence in support of this contention and thus has not carried her burden to prove that these costs are not appropriate." *Black*, 2020 WL 4437677, at *26. That remains true. *See, e.g.*, *Thompson v. Village of Monee*, No. 1:12-CV-5020, 2016 WL 128005, at *2 (N.D. Ill. Jan. 12, 2016) (St. Eve, J.) (declining to apportion the costs to defendants on a *pro rata* basis where plaintiff provided no explanation or evidence to support that method of apportionment).

Black contends that Kerr conceded that she paid the costs in question. That is incorrect. Kerr asserted that she paid the costs *she* requested; she did not assert that she paid Wrigley's costs. *See* Kerr's Reply in Supp. of Mot. for Taxation of Costs at 12 ("[T]he fact remains that these costs are independent from those incurred by Ms. Wrigley, or the other defendants."). If anything, Kerr has shown that she split costs with Wrigley; Kerr sought to recover half of the costs of the demonstrative exhibits (a request the Court denied).

Black asks the Court to order Wrigley to turn over certified records showing she personally paid the costs. But although Black contends that there is a "virtual certainty" that Kerr was "dumping her co-defendants' costs on her insurer," she does not have evidence to prove that. Pl.'s Mem. at 7. Black's suspicions are not enough to entitle her to discovery at this point, let alone to sustain her burden of showing that the taxed costs

4

are not appropriate. There is a strong presumption in favor of awarding costs to the prevailing party, and Black has not met her burden of showing that presumption does not apply here. See *Richardson*, 926 F.3d at 893.

Finally, Black includes in her motion a request to impose sanctions upon Kerr, Wrigley, and their attorneys—though she has made no separate motion in this regard. She accuses them of repeatedly lying to the Court, during depositions, and at trial. By her request for sanctions, Black is essentially attempting to relitigate the case. A good deal of what she describes happened prior to trial and, if her allegations are correct, could have been brought to the Court's attention at the time (and certainly *way* before now). And the claimed perjury, which Black contends was demonstrable, involves a rehash of one point the Court rejected in denying a new trial[1] and other issues that Black could have pointed out to the jury as a basis to find in her favor and against the defendants. Black has offered no viable basis to revisit all of these points now, not only after trial, but after the filing of post-trial motions and even after the ruling on those motions. The Court denies her request for sanctions.

## Conclusion

For the reasons stated above, the Court denies plaintiff Katherine Black's motion to alter or amend judgment [470].

Date: September 8, 2020

                                                    _____
                                                    MATTHEW F. KENNELLY
                                                    United States District Judge

---

[1] In her motion for a new trial, Black asserted that the Court erroneously excluded evidence she contended showed that Wrigley falsely testified about when she deleted an old e-mail account and began using a new one. As the Court explained in its ruling on that motion, however, Black did not submit evidence of the alleged perjury or even evidence showing that it was relevant to this case. *Black*, 2020 WL 4437677, at *19.